JONES, Justice
(concurring specially).
I concur with the opinion. Perhaps, however, our opinion ought to be more explicit on one additional point. Both of the Code sections referred to (§§ 10-4-320(9) and 37-4-130) conclude with similar language: “. . . and for that purpose may acquire such timber ... by condemnation.”
In other words, the Power Company has no right to acquire a right-of-way pursuant to its statutory (public use) right of condemnation and then exceed the bounds of the way acquired by taking additional property without compensation. Here, the record is clear that is not what happened. The deed conveying the right-of-way included the further right to “. . . cut and keep clear all trees and undergrowth and other obstruction on said strip and danger trees adjacent thereto where necessary.”
The primary issue of fact, then, as properly stated in the opinion, is whether or not' the Power Company exceeded the grant which it acquired (and paid for) pursuant to the statutory right of eminent domain.